I'll hear argument next in Sintel Sterling, The Trizetto Group, 21-1370. I'll hear argument next in Sintel Sterling, The Trizetto Group, 21-13700 I'll hear argument next in Sintel Sterling Cooperative Right and that charge was given or not this evidence is not sufficient Yes, well, and it's complicated your tragedy by the fact that the instruction was given with regard to the New York Statewide trade secret claim, but let's put that aside. I'm willing to acknowledge that which is to say But looked at the exhibits and I don't think so because that would be conflating the argument that we're making concerning the specificity requirement With the substantive requirement for what qualifies as a trade secret, and I think that those two things Well, I will it's a little bit metaphysical and I have to say that the cases that address this issue are a little bit Under-theorized everyone acknowledges that there is a specificity requirement But I think the right way to think about it judge Raggi is that the specificity requirement Defines the trade secret that is protected in other words it tells you what the property interest is and this is somewhat unique to the context of trade secrets because if you think about other Types of intellectual property like patents and copyrights. Those are of course defined. It's typically by is it sufficiently defined? by reference to a Testimony in this case. Mr. Noonan Specifically saying that it's kept in a confidential way. It's regarded as confidential information No I don't think that it is because it's one thing to say that the document is kept confidential The really critical question is what is the know-how? What is the subject matter that is protected and I would point the court just to say how how it works in the general manner that it that for example the case study allows them to Drive run alterations with regard to the programming for a particular client maybe a health insurer as opposed to a to a visit to a hospital and that they're then able to Anticipate difficulties with regard to the software without actually going through Working on bugs after it's been inserted that that's a particular kind of Aspect of this program that makes it you need to try to settle its experience So I think that something more would be required than even that but I underscored the outside judge Wesley How much more would you ask? So I think at a minimum there has to be a description of what it is in the document In the source code that is trade secret and I would point the court to you you do Google searches, don't you? from time to time yes How Google does it search is incredibly important information to people who want to use utilize a Google search, right correct and Google probably has something within its logarithm that is unique and trade secret Does Google have to disclose? The exact what makes it unique or does it just have to show generally that there's aspects of a Google the Google's logarithm That allow that then order who comes up one through three on the Google search It does have to describe it and I would point the court to the Third Circuit's decision in Oakwood labs Describe it how sir? Well, I think this language our excuse me how it works or the particulars of What makes it work? It's a little bit of both. Here's what the Third Circuit said, which I think is a definition above which I can do No better it said quote to satisfy the particularity requirement quote the subject matter of the trade secret Must be described with sufficient Particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade And to permit the defendant to ascertain at least the boundaries within which the secret lies And I would note that with regard to the vast majority of the trade secrets here We don't even have what you just suggested in our colloquy judge Wesley with regard to one of the tools And so the straightest path on this issue I would submit is that if you agree that with regard to the 96 of the 97 guides and manuals that were just included in A subsequently provided list with no testimony at all that that is insufficient I would point the court to the Third Circuit's decision and give it on Then at a minimum the court needs to be vacate and remand for a new trial I do want to spend a couple of minutes on the damages issue because I know that time is short Back up Why isn't one way to look at this is whether the defendant Was able to counter these claims Well, if you know you look at this record, there's no Sense at least in my reading that the defendant was not Was not able to counter the claims So there's every indication that understood what the trade secrets were that there were an issue a trial Well, I disagree respectfully with that judge Lohier and let me explain why I think this is so important President's whole strategy here was in some sense to swamp the jury by claiming 104 trade secrets and not walking through all of them that placed the burden of two are not spewed with regard to Appropriation that is correct because of the district courts preclusion order But of course here we're talking about the threshold requirement of defining the trade secret And I do think that if you read the record fairly as a whole it was very difficult to defend against this Precisely because there was a failure to identify the trade secrets such that we could really drill down on Not just the question of what met the substantive requirements for trade secret, but also what was Misappropriated here and so I think in some sense that's why this requirement is so important and why courts have consistently said that the requirement Is important and to the extent that there might be difficult questions with how to draw the line in certain cases I think we would acknowledge that the line is somewhere between Doing nothing and going line by line in a way that would require you effectively to expose the trade secret in court We're not saying that Coca-Cola has to come in and read the recipe Well, I do because I think that issue is extraordinarily important in its own right and our fundamental submission is that the award of 185 million dollars in avoided costs here was wildly disproportionate As at a minimum that award constitutes an obvious windfall to tri-zetto because the undisputed evidence here Indicated the tri-zetto suffered no more than 8.5 million dollars in lost profits as a result of the alleged Misappropriation in fact the profits to us it is once again in controverted or even smaller The thing that I'm concerned that I'm interested in is your client also is enjoined from employing any of the trade secrets that you Allegedly employed In competing with them. Is that correct? Yes, that is correct there is a permanent injunction in place which again underscores then seem like a double recovery for tri-zetto because as I understand it the 285 million is a projection or a Determination of what their development costs were in developing these trade secrets and seems to me that that if they're made whole by that then somehow it's almost as if you purchase it so that the Plainfields then level why aren't why wouldn't the two of you compete with the same amount of development costs? That is exactly correct judge Wesley and let me set up our view of when Avoided costs are appropriate and then bring in the relevance of the injunction So our submission is that under sort of basic principles of compensatory damages avoided costs are really appropriate in Only limited circumstances first where you destroy the value of the trade secret say you had a situation where you released Coca-cola's formula to the New York Times. That's a pretty straightforward example, but leaving that aside I think in a case where what you're trying to do as tri-zetto is is to use avoided costs as a proxy of the unjust benefit to us We think that avoided costs are unavailable where the defendants gain can be readily calculated Which is true here or where the defendants benefit does not equal the full cost of developing the trade secrets And that's where the injunction comes into play here because at most Sintel it is alleged Use the trade secrets the claim trade secrets only in providing services to a single additional customer UHG that is the 8.5 million dollar figure now as you say I suppose that one could imagine a hypothetical world in Which if we were not enjoying we would use the trade secrets not only to provide services United Health that's the idea. Yes, right and and to develop competing software, which was never our goal Parenthetically, but when you look at the relatively few cases were avoided costs are awarded They're typically cases in which the defendant is fully exploiting the trade secrets But the permanent injunction prevents us from doing that and one of the most notable things about tri-zettos brief is that at one point? Tri-zettos says well look if you think this is a problem get rid of the permanent injunction and that illustrates Well, what is going on here tri-zetto wants this windfall and make no doubt about it Tri-zetto makes quite clear that what it is trying to do here is to use this award to punish us on Page 70 of their brief they say this is necessary so that Sintel can face meaningful consequences But that's not a compensatory award under any sense that we have that we have your argument Yes that renders it punitive and of course there was a punitive damages award in this case as well Thank you, Judge Lohier. Thank you We'll hear from Mr. O'Quinn Good morning Good morning, Thank You Judge Lohier may it please the court John O'Quinn on behalf of tri-zetto As the district court found following the the jury trial the evidence showed that Sintel engaged in a sustained course of illegal conduct Against tri-zetto pursuant to a long-term strategy to pursue a billion dollar market opportunity In which it expected to make over a hundred million dollars a year in this case. This is unusual trade secrets case There's no question or dispute over what was taken. There's no question over what was Misappropriated there's no question that they had notice of the things that were asserted to be trade secrets Individually using the gold standard for identification recognized by courts throughout the country that if you're talking about software You can identify it using a source code and following the line that's been drawn between Things that were not adequately identified and that were adequately identified by any number of district courts within this circuit Namely, did you give the jury a specific exhibit to be able to access because that is exactly what that's what you're saying The testimony satisfies the sufficiency requirement not the testimony of the witness by himself but rather the testimony considered in conjunction with the exhibit These source codes. I think that's exactly right Adversary says that sent the jury on a hunt for needles in haystacks At least that's how I understood it. So why don't you tell us why? We shouldn't be concerned about that on sufficiency Sure so I think there are sort of three issues that are packed into there one is this idea of identification and My friend on the other side takes the idea of identification and then tries to load up a lot of other things with it There's no question here. What was identified as trade secrets. There were 104 specific exhibits that were Shown to the jury either Individually or as a list and then discussed by various witnesses The second issue is was there sufficient evidence for the jury to be able to decide what were these things kept? Confidential are they valuable because they were kept confidential and that is what the testimony of the witnesses. Mr Noonan, mr Bergeron were both both addressed to and you know with respect to the manuals and this gets to the third point that I want to This court can affirm even if you don't think a single manual was adequately identified and just to be clear I mean, why do you say that? but because this is a this is a verdict that goes on which there was a single legal theory that is a violation of the DTSA on which there were different factual theories and if one of them was Insufficient factually that's not enough to vacate the entirety of the verdict. That's the Supreme Court's decision Justice Scalia wrote it in the griffin. You're saying there's one unit of violation based and that can rest on one violation of the trade secret so for purposes of liability under the DTSA the judgment of liability can be affirmed if any single one trade secret was Properly found to be misappropriate if there's sufficient evidence even as to one and that's why they don't even try They don't because they know that they can't show this court. Have we so help? Your honor I mean if you look for example at the Salmonese case that's cited in our in our brief as well as the Supreme Court's decision in Griffin if you have The argument here is ultimately about sufficiency of the argument based on the DTSA. So if we held in that context, I Don't think this court has had a DTSA case where it has has looked at it this way I don't mean to interrupt you, but you're saying it wasn't tried It wasn't tried in a way that that you the defense was well, we may have if you found one that's only that's that only caused so much injury if you thought If you found two that caused might have caused more injury You're saying it was tried that if any one trade secret was found The damages the ultimate injury to your client was the same Just doesn't almost so so I'm making two points first with respect to liability if you look at appendix 524 that's where the jury was instructed that it's a single DTSA claim Any one factual theory will do then with respect to the issue of damages judge Wesley if you look at appendix 421 to 425 that's the the testimony of mr. Britvin and and under under his under his testimony There were essentially two there were more than that but for present purposes There were two damages theories that were put to the to the jury One was if you just find the manuals to be have been misappropriated What are the damages the damages there would have been a hundred and eighty nine million for any of the other trade secrets? So the tools the data dictionary and you know, there's any doubt that it was identified and they Adequately, they copied the data dictionary source code verbatim We identified the data of the data dictionary source code as being the trade secret There was no doubt that it was kept confidential and there was no doubt that the the data dictionary itself Was was was testified to have been the product of time and energy on how to organize the data That's appendix 261 But coming back if they misappropriated the data dictionary the custom code impact tool the test cases Any single one other than the manuals the damages were 284 or 285 million, which is what the jury awarded. That's what they gave you and that's what they did You would presume that the jury had Acted consistent with substantial evidence unless unless the other side showed that it did not and so the basis for the jury's award tells you No question about it that they had to find something in addition to the manuals having been misappropriated Now I think there was more than adequate testimony about the manuals. I mean again their challenge on appeal is identification Identification Was was very clear that the jury in Oakwood See the jury could quote ascertain the boundaries within which the secret lies in quote That's the Oakwood case and by identifying the manuals There's no question that the jury could do that Then you had testimony explaining why these were trade secrets and why they were valuable and that was if you look at appendix 267 to appendix 271 267 you said 267 to 271 This is mr. Noonan and he explains he put a list of manuals. It's not the same list that's in the appendix at 2270 but he put a list of manuals in front of the jury and he explained that all of the manuals taught the users how to configure how to customize facets how it works and he also having walked through the The data models guide which you can see at confidential appendix 31 having walked through it in detail He explained that each of the other manuals quote includes about the same level of detail as the data models guide That's appendix 268 and he explained that each of the manuals revealed confidential quote Architecture of facets that's appendix 268 and explained that each one of the manuals revealed the configuration Details for facets that's appendix 270 and of course that type of information This court is recognized in integrated cash Architecture of a computer program is a trade secret and the fact that the package as a whole is not in the public domain Means that it is protectable now I would like to turn to the issue of damages unless there are more questions on identification and judge Wesley let me come specifically to the question that you were asking about the injunction because The Seventh Circuit has addressed the issue that you raised head-on Specifically in the 3m case and and there the court said this is page 608 of the 3m opinion quote the jury's cost of Development award does not render the granting of an injunction duplicative in quote and the reason for the seven That's absolutely right judge Raji what was there is I was gonna say and the reason for that is the same reason that The district court gave here at page 28 of her opinion Which is number one that the purpose of the injunction is separate It is to prevent future harm to the trade secret owner and and under then this was a case Three and I stopped it just for a second sure explore this with you so you you got damages for what they made off of their use of it and So you you got you got something for their misuse of your trade secrets now whether they were a good or a bad business I mean you shouldn't be but but you got you made whole for what they did for Stealing for the jury's finding that they took and used your trade secret. Then the question becomes to me How have they been unjustly enriched and if they can't use it, how are they unjustly enriched? By I mean I would think they were unjustly enriched if they competed with you because Because all of a sudden they're using your tools and they and and you spent a lot of money to make them But so now tell me go forward then tell me the rest. Yeah, I think there are three parts to a judge Wesley So the first part is the idea that avoided costs are the entirety of the value of a trade secret in the abstract I think is is is a misnomer and in fact, you know on page 25 of their reply They point to University Computing to suggest that is the the Fifth Circuit's decision in University Computing to suggest that Oh, well, the norm is the scourge profits well The reason that's the norm is because as University Computing and this ties directly into your question judge was Wesley It is that normally avoided costs are not Sufficient. In fact, if you look at University Computing at page 538 the court said that Avoided costs are frequently inadequate so avoided Suggests here that you have to look at the particular case and see what damages The victim suffered now if I understand it you weren't for your past for the past Misuse you weren't just giving their profits You were giving your losses which were more than more than their profits. Did I understand that? So I don't think that's quite right judge Well, so under the you are right that under the DTSA you actually and this goes to part of why an injunction is Appropriate as a forward-looking remedy under the DTSA you actually you get both You are entitled to seek both your harm your loss profits and separate apart from that Unjust enrichment now in this case just for procedural reasons We ultimately only saw only sought the 285 million Which is the the the avoided costs or award, but we theoretically could have And used it once Are you saying they would have that they would have been responsible for paying the full development costs of a rather expensive system Yes, and that is exactly the holding of Salisbury I would even if they were enjoined from ever using it against for one use Which they profited minimally on they would have to pay the cost of developing that whole system Even though they were enjoined from ever using it again. Yes, and respectfully, it's Because it's not Compensatory damages. This is not the measure of harm to us. That is one Form of damages under the DTSA But we are also entitled to unjust enrichment and as the Fifth Circuit addressed this squarely in Globe Ranger and said quote Or you're not limited to damages based on the misappropriators profits and I Because in order to be able to use it even once and by the way There's a dispute that it was only used once Sure, I mean they did not provide any of their financial information after 2018 Which is another reason why an injunction was appropriate here. I mean, there are certainly reason to believe in that I I I haven't given anybody a hard time about that, but I'm just wondering So tell me why then the injunction why the injunction doesn't replicate the or Obviate the need for the recovery of the development cost For the cats not out of the bag, so the industry doesn't know what you knew only one person did That that's not the theory you haven't portrayed that what else right so I agree that they had to it's a Circumstance of this case that they had to use it at least once in order to be able to recover avoided costs but once they've used it they have gotten the benefit of a 285 million dollar investment and if they if they actually were accountable for the for the losses The development costs as losses then they would have had a 257 million dollar loss They got that benefit and that is exactly the reason of the 11th circuits decision in Salisbury. I'd point you to pages So it's not that they'll use it into the future. It's that they avoided having to spend it Yes, that is exactly right They avoided having to spend it in order to be able to offer the competing services in the first place Anticipate I mean, I'm I'm saying it a lot here because I haven't seen there's not a lot written on this Is it also anticipate that that gives them the opportunity to try and reconstruct not not replicate the trade secret, but to figure out? Workarounds with regard to the similar operating There would be no there's no injunction in place that would prevent them from from developing The equivalent things on their own this isn't like there are some cases where their injunctions that say you can't play in this space at all That's not what this injunction is. This injunction is prohibiting them from using the trade secrets That's it. And and they got the benefit They got the value of the trade secrets if they wanted to say they're not arguing about quantification Maybe 285 million dollars is a big number, but you know, they were acquired for 3.4 billion dollars at this same time It's not like they took it from you if they'd taken it from you and somehow Destroyed its value. I can understand why you'd have to why you'd be entitled to get the 285 But you still got it and the cats not out of the bag Well, and and you're right if we were seeking that as harm to us The case law says the cat does have to be out of the bag if it is harmed to us But I would encourage you to look at the the Globe Ranger decision. Okay, the Amerisciences decision Well logic, I mean in Amerisciences the Fifth Circuit affirmed that not only the award of avoided costs but barring the the trade secret defendant from even putting on evidence of what their actual profits were because that would have been a distraction and that the the The trade circuit owner was entitled to seek that and I would really encourage you to read the Salisbury decision by the 11th Circuit I think it is directly on point. That's that's the case that you think is really It is because they're they made exactly the same argument and the 11th Circuit rejected that And and found that you know orders of magnitude more in avoided costs were the appropriate word the last thing if a pre DTSA It was a it was a Uniform Trade Secrets Act decision And of course the DTSA was modeled on the Uniform Trade Secrets Act And if I made the last the very last point With respect to judge was the question about the injunction is they obviously didn't appeal the injunction So it's a little bit right. It's better to be arguing one, but when they didn't appeal the other. No, I got that Thank You Judge Lohier Thank You Judge Lohier, I'm 30 seconds on liability and then the rest on damages on liability. I would just make two points my friend Mr. O'Quinn doubles down on this notion that the whole documents were the trade secrets, which is what dr Bergeron testified to at pages 385 to 386 of the appendix and yet there was substantial and Uncontroverted evidence that there were things in the documents that were not trade secrets Yes, there's no reason to think that the jury accepted the theory that mr Like this where trizetta was the one who sought the general verdict It seems consistent with the general law on general verdicts that they bear the burden of an outcome Where if one or more of you could have asked for an articulation of the specific verdict you did Oh, we asked for a specific bird raise air here in that regard. Well, not you're not arguing air here Not that as a matter of law that the court was disabled from asking for for presenting a general verdict form But we are certainly large you are stuck with how it was charged to the jury But the consequence of an error in this circumstance is that the court has to vacate Particularly where what we're talking about is the vast majority of the trade secrets edition Did you ask for specific findings on the verdict I did as I said earlier I did see where you asked for The jury to make sufficient to make specificity findings, but did you ask first for an articulated verdict form? My recollection is that we asked for a claim by claim determination My belief is that that is in fact what we asked for in other words at each of Before you leave today, you could tell us where in the record that is Yeah, I will confirm that by letter on the issue of damages. I want to say just a couple of things first I think that mr O'Quinn's theory here really is as he put it that we got the benefit of tri Zettos 285 million dollar investment and therefore we should be on the hook for avoided costs Well, of course whenever there's a misappropriation You could say that the defendant got some benefit of course our submission here is that we did not get the full benefit of that by virtue of the fact that we Exploited the trade secrets allegedly only for providing services to one customer But I think that the reason why that is such a dangerous rule Is that it really makes avoided costs the floor and not the ceiling and I would submit that if you look at the language of the DTSA Consistent with ordinary principles of remedies that language at most makes unjust enrichment Available. It does not say that you get both as a matter of law in every single case This is language in 1836 B 3b, which says that a court may award damages for any unjust enrichment enrichment caused by the misappropriation So there is a causation requirement there of the trade secret that is not addressed in computing damages for actual loss That signals to us that the statute does not contemplate only compensatory Damages, do you want to tell us whether you think that that? unjust enrichment statute that provision Deals with something other than compensatory damages Yeah I would say two things about that First that it makes clear that avoided costs in the unjust enrichment sense Could be available in a circumstance in which for instance the profits can't be readily calculated I think we would acknowledge that avoided costs could be appropriate in that circumstance But as I said to you earlier judge Raggi, I think here it's uncontroverted that there was an alternative much smaller figure both of Trizet has lost profits and our profits from the single customer Yes, but it did so by Remitting the punitive damages award and of course the punitive damages award in turn is dependent on the compensatory award And if we were to prevail here on avoided costs presumably there would have to be a similar analysis on remand But I think again what's so problematic about this is that it really is turning Avoided costs into the floor and not the ceiling and if you look at the cases Avoided costs are only comparatively rarely awarded in trade secrets cases Obviously we have even less law under the DTSA as this court will be aware because it was a case that judge Lohier was Involved in the New York Court of Appeals on certification concluded that as a matter of New York law on Policy related grounds that avoided cost damages are not available I have no memory of that case whatsoever Well, and there is at least one case cited and There was at least one case cited in the briefs if it makes you feel any better that I worked on as well And I had only a dim recollection of that too, but I think what I would say is that there is no case while there are Scattered cases in which courts have awarded avoided costs Alongside profits there has never been a case involving an avoided costs award that is as wildly Disproportionate as the award here and at a minimum with regard to the statutory language judge Radji as we point out in our briefs there is Clearly a causation requirement, and if the way you want to think about this is sort of the narrowest possible way to think about it I think it is to focus on the fact that because we received such a modest benefit from the alleged misappropriation Allegedly obtaining one additional customer that you can't say that the full amount of the avoided costs was caused by the misappropriation and so I think if the court is concerned about establishing a Rule for all time in the context of the DTSA that is a way of remitting If you had a one-time use and you either didn't make very much or whatever That would be the full scope of your liability even though you had Misappropriated an extremely valuable Trade secret. Well, it'd be different if you Destroyed the value of the trade secret entirely That's our release of coca-cola's recipe to the world or I think in a circumstance in which you developed a competing Product that was completely unsuccessful in the end now. I think that that's a closer case Once before you got caught and that didn't earn you very much money you but you Basically took something that was very very valuable and instead you're only liable for you know $25,000 or whatever. I mean that doesn't seem to be what the law is talking about here when it talks about The unjust enrichment to the extent it wasn't factored into damages, I mean that's how the law is written Well, I would fall back on my argument concerning causation at a minimum But I think what I would say is that the problem with that approach Judge Raggi is that it really means That whether you have one use ten uses or a hundred uses the recovery is the same That's what I mean when I say that avoided costs are a floor here what Mr O'Quinn is saying and I think this is a very dangerous Proposition of law is that whenever you get the benefit of the investment, which is of course always going to be true on some level When you have a misappropriation that that full amount can be recovered It is as if you destroyed the value of the trade secret entirely And I would submit that even under the common law prior to the DTSA My friends would strain to find any authority to support that that broad I've got to go back To the 11th circuit, but That's what I think he's relying on. I think in cases in which you have a competing product There are cases Salisbury and Globe Ranger where courts have upheld the award of avoided costs in some circumstances alongside Gain, but this is a very different case both because of the remarkable disproportionality of the award and because the nature of the use is Fundamentally different because we weren't trying to develop competing software and of course the facet software itself was the court Using the software one time. That's that's that's the distinction Well using the software to provide Services on one occasion and I think that that is a fundamental distinction it at a minimum goes to causation But again all roads lead back to the principle that in order to uphold this award the court has to say that avoided costs are available as a matter of course as a Proxy for the benefit to the defendant and again I think there is a conceptual difference between on the one hand a circumstance in which the value of the trade secret is destroyed Such that it is appropriate to look at what the plaintiff put into developing the trade secret and a case like this Where the plaintiff's development costs are used as a proxy And I would just underscore that I think that this is consistent with the way in which Remedies ordinarily work in the trade secrets context my friend Pointed to the Fifth Circuit's decision in University Computing I would point to this court's decision in Softel which said that avoided costs are quote Usually appropriate only where the defendant has destroyed the value of the secret and the cases are legion for the proposition that the ordinary Remedy for misappropriation of a trade secret at common law is Disgorgement of profits and at most here that would be not two hundred and eighty five million dollars, but eight point five million dollars Thank you very much. Thank you your honors decision. Thank you both. Thank you both very much